UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DESMOND D. WALTON, #113961                                                                    PLAINTIFF

VERSUS                                                          CIVIL ACTION NO.  3:14-cv-64-CWR-FKB

ANTHONY COMPTON, WARDEN JAMES BUSHER,
MICHAEL RICE, TONY THOMAS,
EMCF INSTITUTION, ARCHIE LONGLEY
and JAMES ALEXANDER                                                                          DEFENDANTS

ORDER OF PARTIAL DISMISSAL

This cause is before the Court, *sua sponte*, for consideration of partial dismissal. Plaintiff, an inmate housed at the East Mississippi Correctional Facility (EMCF), Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendants are Anthony Compton, Warden James Busher, Michael Rice, Tony Thomas, EMCF Institution, Archie Longley and James Alexander. Having reviewed the complaint [1] filed January 27, 2014, amended complaints [5 & 7] filed January 31, 2014, and February 12, 2014, and response [15] filed March 6, 2014, the Court has come to the following conclusions.

Analysis

The Court finds that at this stage of the screening process Plaintiff has stated an arguable claim against Defendants  Anthony Compton, Warden James Busher, Michael Rice, Tony Thomas, Archie Longley and James Alexander.  However, as discussed below, Plaintiff cannot maintain this § 1983 civil action against Defendant EMCF Institution.[1]

---

[1]East Mississippi Correctional Facility (EMCF), Meridian, Mississippi, is a private prison authorized under the East Mississippi Correctional Facility Authority and is managed by Management and Training Corporation (M.T.C.).  *See* http://www.mdoc.state ms.us/Five%20Private%20Prisons.htm.  Defendant EMCF Institution and EMCF are considered one in the same.

A private prison-management corporation may be sued under 42 U.S.C. § 1983 "for alleged constitutional injury because the operation of a prison is a fundamental government function." *Olivas v. Corr. Corp. of Am.*, 408 F.Supp.2d 251, 254-255 (N.D. Tex. 2006)(citing *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003)("We agree with the Sixth Circuit and with those district courts that have found that private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury.")).  The test to determine the liability of a private corporation performing a government function is basically the same as that employed to determine municipal or local government liability.  *Id*.  That is to say, the private prison-management corporation must implement unconstitutional policies that caused Plaintiff's injury.  *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).  Additionally, the private prison-management corporation is not liable for the actions or inactions of its employees.  *See Olivas*, 408 F.Supp.2d at 255.

There are no facts asserted in the complaint [1] or other pleadings that Defendant EMCF implemented unconstitutional policies that caused Plaintiff's injury.  Because Plaintiff does not establish that defendant EMCF implemented unconstitutional policies that causally resulted in the alleged constitutional deprivation, Plaintiff is unable to maintain this action against Defendant EMCF.  Accordingly, it is

**ORDERED AND ADJUDGED**:

1.  That EMCF Institution is dismissed without prejudice as a Defendant in this case.

2. That the Court finds that a separate order [16] directing summons to issue for the remaining defendants was entered on March 10, 2014.

Plaintiff is warned that his failure to keep this Court advised of his current address or his failure to timely comply with any order of the Court will result in the dismissal of this case.

SO ORDERED, this the 10th day of March, 2014.

s/Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE