UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DESMOND D. WALTON                                                                                        PLAINTIFF

V.                                                                            CIVIL ACTION NO. 3:14cv64-FKB

ANTHONY COMPTON, et al.                                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion for Summary Judgment filed by Defendants Compton and Longley ("State Defendants") [70] and the Motion for Summary Judgment filed by Defendants Alexander, Buscher, Rice and Thomas [72], as well as Plaintiff's Motion to File Additional Motions [75]. Having considered the entire record in this matter, the Court grants Defendants' Motions and denies Plaintiff's,[1] for the following reasons.

BACKGROUND AND HISTORY

Plaintiff is a state inmate who filed this Section 1983 suit regarding an incident that took place while he was housed at East Mississippi Correctional Facility ("EMCF").[2] On June 19, 2014, the Court held an omnibus hearing,[3] during which the Court questioned Plaintiff concerning his claims and addressed other case management issues. At the hearing, all parties consented to the undersigned deciding this case in its entirety. [37].

---

[1]Plaintiff's motion mainly addresses witness and exhibit lists for use at trial. [75].

[2]Plaintiff is currently housed at the South Mississippi Correctional Institution.

[3]*See Spears v. McCotter,* 766 F.2d 179, 180 (5th Cir. 1985).

1

Plaintiff's claims, as clarified at the omnibus hearing, are as follows.  Plaintiff alleges that he was stabbed and beaten by six inmates at EMCF, while guards looked on but failed to protect him.  Plaintiff alleges that EMCF officials then failed to properly investigate the incident.  Plaintiff testified that he sued Defendants Archie Longley and Anthony Compton because they were state officials in supervisory roles with respect to EMCF. [72-1] at 16, 18.  Plaintiff claimed that he sued Defendant Warden James Buscher for failing to protect him and for not investigating the incident. [72-1] at 17.  Plaintiff testified that he sued Defendant Michael Rice because he never got the videotape of the attack on Plaintiff. *Id.*  Plaintiff stated that he sued Tony Thomas because he discouraged Plaintiff from pursuing his claim through the Administrative Remedy Program ("ARP"). *Id.* at 18.  Plaintiff testified that he sued Defendant James Alexander for the same reason. *Id.*  All Defendants have moved for summary judgment [70, 72].

## SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)).  "A factual dispute is 'genuine' where a reasonable party could return a verdict for the nonmoving party." *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999).  When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary

judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003).

## ELEVENTH AMENDMENT IMMUNITY

The State Defendants have moved for summary judgment as to any claims against them in their official capacities based on Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution prohibits suits against states in federal court brought by private citizens. *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). This immunity from suit extends to state agencies and state officials sued in their official capacities for any relief, except certain types of injunctive relief. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-103 (1984); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff seeks only monetary damages and therefore his claims against Defendants Compton and Longley in their official capacities are barred.

## INDIVIDUAL CAPACITY CLAIMS

All Defendants have moved for summary judgment with respect to the claims against them in their individual capacities. Defendants contend that they are entitled to qualified immunity with respect to any claims against them in their individual capacities. "'[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir. 2006) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Qualified immunity protects "all but the plainly incompetent or those who

knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

When determining whether Defendants are entitled to qualified immunity, the Court must determine whether a constitutional right has been violated and if so, whether that right was clearly established. *See, e.g., McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002). Because Defendants have raised the qualified immunity defense, the burden is on Plaintiff to rebut the defense of qualified immunity by showing that Defendants' allegedly wrongful conduct violated clearly established law. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992).

The Eighth Amendment guarantees inmates safety, which gives rise to a duty to protect inmates from violence by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). The Supreme Court described the duty to protect as follows:

> It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious[.]" [A] prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities[.]" For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

*Id.* at 834 (internal citations omitted). Plaintiff has not argued that any of the five Defendants was aware of any risk of harm to Plaintiff before the attack. There is no vicarious liability under Section 1983. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). "[A] supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Plaintiff has made no

allegation against any Defendant of this nature. "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Id.* (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169 (5th Cir. 1985)). Plaintiff has not alleged that his attack was the result of any policy. All Defendants are entitled to summary judgment in their favor with respect to Plaintiff's failure to protect claim.

Plaintiff's allegations against Defendants Thomas and Alexander for allegedly discouraging his ARP fail to state a claim. Though Plaintiff claims that those Defendants discouraged his use of the ARP process, he utilized it to completion. The records submitted by Plaintiff and by Defendants reflect that Plaintiff filed a grievance regarding the stabbing, the grievance was in fact investigated and one inmate was disciplined as a result. [1] at 6-9,[72-2],[72-3].

With respect to Plaintiff's claims regarding failure to investigate the attack and failure to provide a videotape of the incident, Plaintiff submits no authority in support of his contention that either of those is a federally protected right. Moreover, as noted, the records submitted indicate that the grievance was investigated and action taken. Plaintiff's request to "red tag" or be kept separate from the inmates who attacked him was honored. [72-2], [72-4]. Plaintiff had no federally protected right to have his grievance resolved to his satisfaction and therefore his claim that Defendants failed to properly investigate his grievance fails. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

CONCLUSION

Based on the foregoing, Defendants' motions [70, 72] are granted.  Plaintiff's motion [75] is denied.  A separate judgment will be entered in favor of Defendants.

SO ORDERED, this the 22nd day of December, 2014.

/s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE